UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE MINTZ FRAADE LAW FIRM, P.C.,

                            Plaintiff,

-against-

FRANK BRADY and LIFE'S TIME
CAPSULE SERVICES, INC.,

                            Defendant.

Case No. 1:19-cv-10236

**NOTICE OF REMOVAL**

Supreme Court of the State of New York
County of New York
Index No. 655068/2019

Defendants Frank Brady ("Brady") and Life's Time Capsule Services, Inc. ("LTCS"), by their attorneys, Kudman Trachten Aloe LLP, file this notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing to the United States District Court for the Southern District of New York the above-captioned civil action brought by plaintiff The Mintz Fraade Law Firm, P.C. ("Mintz Fraade"), in the Supreme Court of the State of New York, County of New York, Index No. 655068/2019. In support of their notice and grounds for removal, Brady and LTCS respectfully state as follows:

### Introduction

1.     Brady and LTCS are the defendant in a civil action pending in the Supreme Court of the State of New York, County of New York, captioned *The Mintz Fraade Law Firm, P.C. v. Frank Brady and Life's Time Capsule Services, Inc.*, Index No. 655068/2019 (the "State Court Action").

2.     The summons with notice filed in the State Court Action alleges that this is an action "for attorneys' fees incurred from June 1, 2018 through July 31, 2019." Specifically, Mintz Fraade alleges that "Defendants are indebted to Plaintiff in the amount of $240,000.00 and balance due for the period to June 1, 2018 of $910" and that "Defendants have also failed to

deliver to Plaintiff, 16,559,272 shares of common stock of Life's Time Capsule Services, Inc., which Defendants agreed to issue to Plaintiff."

3. The request for relief in summons with notice seeks "[d]amages in the amount of $240,910.00" as well as "[a]n order compelling Defendants to issue to Plaintiff, 16,559,272 shares of common stock of Life's Time Capsule Services, Inc."

## Subject Matter Jurisdiction

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because it is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Mintz Fraade is a New York professional corporation with its principal place of business located at 260 Madison Avenue, 16th Floor, New York, New York 10016.

6. Brady is a citizen and resident of Georgia.

7. LTCS is a Nevada corporation with its principal place of business located at 20 Church Hill Road, 2nd Floor, Newtown, Connecticut 06470.

8. Accordingly, removal is proper under 28 U.S.C. § 1441(a) because this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

## Removal is Timely and the Requirements of 28 U.S.C. § 1446 Are Satisfied

9. Mintz Fraade commenced the State Court Action on September 4, 2019, by filing a summons with notice in the Supreme Court of the State of New York, County of New York.

10. On or about October 28, 2019, Mintz Fraade purported to serve a copy of the summons with notice in the State Court Action on Brady by delivering it Brady's mother's house located at 3715 Eaglewood Street, Valrico, Florida 33596.

11. On or about October 28, 2019, Mintz Fraade purported to serve a copy of the summons with notice in the State Court Action on LTCS by delivering it to LTCS's registered agent, Corporate Services of America, located at 530 S 8th Street, Las Vegas, Nevada, 89101.

12. This notice of removal is timely filed within the thirty-day time frame set forth in 28 U.S.C. § 1446(b)(1) because this action is being removed fewer than thirty days after Brady and LTCS received the initial pleading in the State Court Action.

13. In accordance with 28 U.S.C. § 1446(a), "all process, pleadings, and orders served upon" Brady and LTCS in the State Court Action are attached as Exhibit A.

14. The requirement in 28 U.S.C § 1446(b)(2) that all defendants who have been properly joined and served must join in or consent to the removal of the action is satisfied because Brady and LTCS are the only defendants in the State Court Action.

15. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the State Court Action is pending in the Supreme Court of the State of New York, County of New York.

16. In accordance with 28 U.S.C. § 1446(d), Brady and LTCS will promptly file a Notice of Filing of Notice of Removal in the Supreme Court of the State of New York, County of New York, with a copy served on Mintz Fraade.

**WHEREFORE**, Brady and LTCS hereby give notice that the State Court Action, which is now pending in the Supreme Court of the State of New York, County of New York, has been removed to this Court, and they respectfully requests that the matter proceed in this Court as an action properly removed.

Dated: New York, New York
November 4, 2019

By: _____
Paul H. Aloe
David N. Saponara
KUDMAN TRACHTEN ALOE LLP
Empire State Building
350 Fifth Avenue, 68th Floor
New York, New York 10118
Tel: (212) 868-1010

*Attorneys for Defendants*

4