**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

The Mintz Fraade Law Firm, P.C.,

                                          Case No.: 1:19-cv-10236

          Plaintiff,                              (JMF)

     -against-                            **PROPOSED AMENDED**
                                          **COMPLAINT**

Frank Brady and Life's Time Capsule Services, Inc.,

          Defendants.

----------------------------------------------------------------------X

     Plaintiff, The Mintz Fraade Law Firm, P.C., by its attorneys, Law Offices of Kramer,

LLC, complaining of Defendants, Frank Brady ("Brady") and Life's Time Capsule Services, Inc.

("LTCP"), alleges as follows:

                         **As and for a First Claim for Relief,**
                         **as against Brady and LTCP, for Breach**
                         **of Contract, Plaintiff Alleges, as Follows:**

     1.  At all times mentioned, Plaintiff was a professional corporation, organized under the laws of

the State of New York, engaged in the practice of law, with offices located in the County, City and

State of New York.

     2.  Upon information and belief, Defendant Brady is an individual residing in the State of Florida.

     3.  Upon information and belief, Defendant LTCP is a corporation organized under the laws of

the State of Nevada, with an address at 200 Continental Drive, Suite 401, Newark, Delaware.

     4.  Upon information and belief, at all times mentioned, Brady was the CEO and a director of

LTCP, as well as (along with his controlled entity) its largest shareholder.

     5.   This action, pursuant to 28 U.S.C. §1441, was removed from the Supreme Court of the State

of New York, County of New York, to the United States District Court for the Southern District of

New York, by Notice of Removal, dated November 4, 2019.

                                          1

**Deleted:** and is

6. Upon information and belief, on or about November 15, 2017 and thereafter, LTCP was being substantially funded by Brady, personally, and by entities related to Brady.

7. On or about November 15, 2017, at Brady's and LTCP's request, Plaintiff and Brady and LTCP agreed that Plaintiff would provide legal services on behalf of Brady and LTCP at Plaintiff's customary and usual hourly rates.

8. It was agreed and understood between Plaintiff (by Alan P. Fraade and Frederick M. Mintz, its principals) and Brady and LTCP, that Brady would be primarily responsible for the payment of Plaintiff's legal fees and expenses, in view of the fact that LTCP was not in a position to pay legal fees during most of the period covered by Plaintiff's representation.

9. At the request of Brady and LTCP, Plaintiff rendered legal services for LTCP from on or about November 15, 2017 through on or about July 31, 2019.

10. Additionally, at the request of Brady, Plaintiff rendered services personal to Brady with respect to a Securities and Exchange Commission investigation.

11. There is currently due and owing from LTCP and Brady to Plaintiff, for services rendered from June 1, 2018 through on or about July 31, 2019, unpaid legal fees in the sum of $501,586, plus expenses.

12. Payment has been duly demanded of Brady and LTCP and no payments have been made on such sums due.

13. By reason of the foregoing, Plaintiff has been damaged in the amount of $501,586, plus expenses.

14. Accordingly, Brady and LTCP are liable to Plaintiff, for breach of contract, for damages in the sum of $501,586, plus expenses, with interest.

15. Upon information and belief, Brady acted as the alter ego of LTCP and operated LTCP,

2

Deleted: at all times mentioned,

Deleted: by

Deleted: ,

Deleted: for

Deleted: this Complaint

Deleted: performed

Deleted: in

Deleted: exceeding

Deleted: 240,000 and

Deleted: an

Deleted: exceeding $240,000

Deleted: a

Deleted: exceeding $240,000

directly or indirectly, for his own personal use and benefit, including, among other things, commingling assets and misusing LTCP's assets for his own personal use.

16. Upon information and belief, as a direct result of the actions of Brady, LTCP lacks the assets to sufficiently pay Plaintiff its incurred fees, plus expenses.

17. Upon information and belief, LTCP only paid a small portion of its business expenses and Brady, either directly or indirectly paid a large portion of LTCP's business expenses.

18. Upon information and belief, Brady and LTCP failed to properly reflect in LTCP's books, journals, balance sheets and records Brady's direct or indirect payments for the expenses of LTCP as loans, capital contributions or otherwise.

19. Upon information and belief, Brady caused to be transferred all of the equity which LTCP held in Angry Anemal, LLC and Boca Bel Toro de Corrillo, S.A. d/b/a Costa Rica Water Company to Brady or entities related to Brady, without adequate consideration.

20. Brady intentionally and severely undercapitalized LTCP.

21. Plaintiff rendered and continued to render services on behalf of LTCP in reliance that LTCP was and would be operated as a real, independent entity and not as a personal financial appendage of Brady.

22. Brady comingled LTCP's businesses, assets and liabilities with his other businesses, assets and liabilities.

23. By reason of the foregoing, a fraud was perpetrated on Plaintiff.

24. Brady has acted as and is the alter ego of LTCP.

25. Therefore, Plaintiff is entitled to pierce the corporate veil and hold Brady liable for LTCP's obligations to Plaintiff.

26. Accordingly, Brady, via piercing the corporate veil is additionally liable for breach of

contract in the sum of $501,586, plus expenses, with interest, as the alter ego of LTCP.

**As and for a Second Claim for Relief,
as against Brady and LTCP, in *Quantum
Meruit*, Plaintiff Alleges, as Follows:**

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "26", with the same force and effect as if more fully set forth herein.

28. The reasonable value of such unpaid legal services is the sum of $501,586, plus expenses.

29. Plaintiff is entitled to the reasonable value of its services and expenses.

30. Payment has been duly demanded of Brady and LTCP and no payments have been made on such sums due.

31. By reason of the foregoing, Plaintiff has been damaged in an amount exceeding $501,586, plus expenses.

32. Accordingly, Brady and LTCP are liable to Plaintiff, in *quantum meruit*, for damages in the sum of $501,586, plus expenses, with interest and Brady is further liable, via piercing the corporate veil, as the alter ego of LTCP, for damages in the sum of $501,586, plus expenses, with interest.

**As and for a Third Claim for Relief,
as against Brady and LTCP, for Unjust
Enrichment, Plaintiff Alleges, as Follows:**

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "26" and "28" through "32", with the same force and effect as if more fully set forth herein.

34. The reasonable value of such unpaid legal services is the sum of $501,586, plus expenses.

4

35. Brady and LTCP benefitted from the legal services rendered to LTCP by Plaintiff.

36. Brady and LTCP have been unjustly enriched in the sum of $501,586, plus expenses.

37. Payment has been duly demanded of Brady and LTCP and no payments have been made on such sums due.

38. By reason of the foregoing, Plaintiff has been damaged in the sum of $501,586, plus expenses.

39. Accordingly, Brady and LTCP are liable to Plaintiff, for unjust enrichment, for damages in the sum of $501,586, plus expenses, with interest and Brady is further liable, via piercing the corporate veil, as the alter ego of LTCP, for damages in the sum of $501,586, plus expenses, with interest.

**As and for a Fourth Claim for Relief,
as against Brady, on a Personal Guarantee,
Plaintiff Alleges, as Follows:**

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "26", "28" through "32" and "34" through "39", with the same force and effect as if more fully set forth herein.

41. Brady personally guaranteed the payment of the legal fees and expenses owed by LTCP to Plaintiff.

42. Such personal guarantee on the part of Brady was clear and unambiguous.

43.  At all times mentioned, Brady (with his controlled entity) was a substantial shareholder of LTCP and, at times, was (with his controlled entity) the largest shareholder of LTCP.

44. Additionally, Brady directly received the benefit of Plaintiff's services, as he was personally represented by the Plaintiff in connection with a Securities and Exchange Commission investigation.

5

45. Brady received new consideration for his personal guarantee.

46. Brady, in recognition and in support and evidence of such guarantee, personally paid legal fees and expenses of LTCP, almost all of the time directly to Plaintiff, thus inducing Plaintiff to render and continue to render legal services to LTCP, in reliance that such fees would be paid by Brady because LTCP lacked funds to pay the same at the time of such services.

47. It was the intent of the Plaintiff and Brady that Brady would be principally liable for Plaintiff's fees.

48. Brady's payments to the Plaintiff were unequivocally referable to its guarantee.

49. Plaintiff reasonably relied upon Brady's continued payments in rendering its services.

50. Brady was aware of such reliance.

51. Plaintiff has been damaged in the sum of $501,586, plus expenses.

52. Brady should have reasonably expected that his promise to pay the legal fees of LTCP would induce Plaintiff to render legal services on behalf of LTCP and to continue to perform legal services on behalf of LTCP.

53. Upon information and belief, at all times mentioned LTCP, excepting four of twenty-five payments, was not able to pay its legal fees and lacked the funds to pay its legal fees.

54. Plaintiff incurred unconscionable damages proximately caused by Brady's representations to pay LTCP's legal fees, in the sum of $501,586, in incurred legal fees, plus expenses, for which Plaintiff received nothing; the amount alone rendering the damages unconscionable.

55. Additionally, Plaintiff's damages were unconscionable because they could reasonably have been expected by Brady to have been incurred.

56. Payment has been duly demanded of Brady and LTCP and no payments have been made on such sums due.

**Deleted:** , most

**Deleted:** ,

**Deleted:** provide

**Deleted:** provide

**Deleted:** , although

**Deleted:** an

**Deleted:** exceeding $240,000.

**Deleted:** payment has

**Deleted:** thereon

57. Accordingly, Brady is liable to Plaintiff, on a personal guarantee, for damages in the sum of $501,586, plus expenses, with interest.

**As and for a Fifth Claim for Relief,**
**as against LTCP, for Specific Performance,**
**Plaintiff Alleges, as Follows:**

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "26", "27" through "32", "34" through "39" and "41" through "57", with the same force and effect as if more fully set forth herein.

59. As compensation to Plaintiff for accepting late payments, LTCP agreed to issue to Plaintiff 16,559,272 shares of Common Stock of LTCP, in addition to the 5,940,728 shares of Common Stock of LTCP, previously issued to Plaintiff, in certificate form, and delivered to Plaintiff by LTCP's transfer agent.

60. LTCP agreed to and represented to Plaintiff that it would cause such 16,559,272 shares to be fully documented and cause its transfer agent to deliver certificates representing such shares to Plaintiff.

61. Plaintiff continued to provide legal services to LTCP, in part, in reliance upon such representation and agreement.

62. Although duly demanded, upon information and belief, although LTCP completed the documentation for the issuance of such shares, LTCP failed to cause or request its transfer agent to issue and deliver to Plaintiff the certificates for such 16,559,272 shares.

63. Plaintiff will incur significant but unspecified damages due to the failure of Plaintiff to document and cause the transfer agent to deliver such certificates.

64. Such certificates represent special and unique property that cannot be replaced by money

7

damages.

65.  There is no adequate remedy at law.

66.  Accordingly, Plaintiff is entitled to an order and judgment of specific performance requiring LTCP to cause and direct its transfer agent to deliver to Plaintiff certificates representing such 16,559,272 shares.

**As and for a Sixth Claim for Relief,
as against Brady, for Promissory Estoppel,
Plaintiff Alleges, as Follows:**

67.  Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "26", "28" through "32", "34" through "39", "41" through "57" and "59" through "66, with the same force and effect as if more fully set forth herein.

68.  Brady initially paid Plaintiff its legal fees and continued to pay Plaintiff its legal fees, whereas LTCP only made four out of twenty-five payments to Plaintiff, accounting for only a small portion of the legal fees paid.

69.  Plaintiff continued to render legal services on behalf of LTCP in reliance upon Brady paying its legal fees.

70.  Plaintiff would not have continued to render legal services on behalf of LTCP had Brady not promised to pay Plaintiff's fees.

71. By reason of the foregoing, Brady made a clear and unambiguous promise to directly pay Plaintiff for the legal services rendered on behalf of LTCP; that Plaintiff reasonably relied upon such promise, which reliance was reasonably foreseeable by Brady; and that Plaintiff incurred damages in the sum of $501,586, plus expenses, based upon such reliance.

72.  Accordingly, Brady is liable to Plaintiff, for promissory estoppel, for damages in the sum of

8

$501,586, plus expenses, with interest.

**As and for a Seventh Claim for Relief, as against Brady, for Fraudulent Misrepresentation, Plaintiff Alleges, as Follows:**

73.  Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "26", "27" through "32", "34" through "39", "41" through "57", "59" through "66" and "68" through "72", with the same force and effect as if more fully set forth herein.

74.  Brady promised and represented to MF before and continuously during the period which MF rendered legal services for LTCP (through Alan P. Fraade and Frederick M. Mintz, its principals, as well as its associates and law clerks) that he would personally or through his other entities pay for MF's services since LTCP lacked the funds to pay for MF's services.

75.  The promises and representations made by Brady were either false and known to be false by Brady when made or were made recklessly without regard to whether or not they were true or would be true or were intended to be fulfilled by Brady.

76.  Plaintiff reasonably relied upon such promises and representations to its detriment.

77. Brady knew that Plaintiff would rely upon his representations and promises to Plaintiff's detriment.

78. Plaintiff, reasonably relying upon the promises and representations of Brady, rendered legal services and continued to render legal services on behalf of LTCP.

79. By reason of the foregoing, Plaintiff incurred damages in the sum of $501,586, plus expenses, proximately caused by intentional misrepresentations and false promises or reckless misrepresentations and false promises of Brady.

80.  Accordingly, Brady is liable to Plaintiff, for fraudulent misrepresentation, for damages in the

9

sum of $501,586, plus expenses, with interest.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     On the First Claim for Relief, for breach of contract, against Brady and LTCP, for damages in the sum of $501,586, plus expenses, with interest;

(b)     On the Second Claim for Relief, in *quantum meruit,* against Brady and LTCP, for damages in the sum of $501,586, plus expenses, with interest;

(c)     On the Third Claim for Relief, for unjust enrichment, against Brady and LTCP, for damages in the sum of $501,586, plus expenses, with interest;

(d)     On the Fourth Claim for Relief, against Brady, on a personal guarantee, for damages in the sum of $501,586, plus expenses, with interest;

(e)     On the Fifth Claim for Relief, for specific performance, requiring LTCP to cause its transfer agent to issue and deliver to Plaintiff certificates, representing 16,559,272 shares of common stock of LTCP,

(f)     On the Sixth Claim for Relief, against Brady, for promissory estoppel, for damages in the sum of $501,586, plus expenses, with interest;

(g)     On the Seventh Claim for Relief, against Brady, for fraudulent misrepresentation, for damages in the sum of $501,586, plus expenses, with interest;

together with interest, costs, disbursements and the reasonable attorneys' fees of this action.

Law Offices of Kramer, LLC

By:_____
Edward C. Kramer
*Attorneys for Plaintiff*
260 Madison Avenue, 16th Floor
New York, New York 10016
(212) 490-1616

To:  Kudman Trachten Aloe, LLP
Attorneys for Defendants
350 Fifth Avenue
New York, NY 10018

10

Deleted: a
Deleted: exceeding $240,000
Deleted: a
Deleted: exceeding $240,000
Deleted: a
Deleted: exceeding $240,000
Deleted: a
Deleted: exceeding $240,000
Deleted: and
Deleted: expenses
Deleted: legal
Deleted: *Plaintiffs*