# *LAW OFFICES*
## *OF*
# *KRAMER, LLC*

———

260 Madison Avenue  Tel.  (212) 490-1616
16th Floor  Facsimile (212) 490-2888
New York, New York 10016  eck@lawkram.com

October 9, 2020

By ECF

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: The Mintz Fraade Law Firm, P.C. v. Frank Brady and Life's Time Capsule Services,
          Inc.; Case Number 1:19-cv-10236 (JMF)

Dear Honorable Sir:

      We are attorneys for the Plaintiff The Mintz Fraade Law Firm, P.C. ("MF").  This letter motion is made, pursuant to Local Civil Rule 37.2 Rule 2(C) of the Court's Individual Rules and Practices in Civil Cases, for an informal conference concerning discovery disputes.

      Currently, Plaintiff has completed its document production and taken the deposition of Defendants, by Frank Brady, by way of Zoom.  Though provided with available dates, Defendant has not scheduled the deposition of Plaintiff.

      Defendants have failed to fully produce documents pursuant to Plaintiff's First Request for Production of Documents, dated March 13, 2020 ("Document Request") (Exhibit A).  Defendants served responses and objections to the Document Request on or about June 8, 2020 (Exhibit B).  I sent an email to Defendants' counsel, David Saponara on June 24, 2020, who returned an email on the same date advising that

> "In response to your inquiry about defendants' production, defendants have not withheld any responsive documents that they agreed to search for and produce on the basis of any specific objections that they interposed."

I had a few phone conversations with him Mr. Saponara concerning his clients' document production culminating in my email to Mr. Saponara, dated July 20, 2020, detailing the deficiencies in

Hon. Jesse M. Furman
October 9, 2020
Page Two

Defendants' compliance with the Document Request (Exhibit C). On July 31. 2020, as part of another email to Mr. Saponara, I wrote: "When should we expect the completion of your document production, as most items requested have not been produced, as I specifically described to you in my July 20, 2020 email." On August 19, 2020, Mr. Saponara emailed me that he would be requesting an extension of the discovery deadline, to which I consented. On August 21. 2020, Mr. Saponara emailed me in connection with a joint letter to the Court regarding the request for extending the discovery deadline, stating, in part, that:

> "As to your revisions, I don't want to get into a dispute about characterizing plaintiff's production as "substantial" or representing that defendants have additional documents to produce (we will meet and confer with you about defendants' objections, but subject to those objections defendants' production is complete)."

During this time, we tried to schedule the "meet and confer," as evidenced by my email to Mr. Saponara, dated September 1, 2020, where I wrote, "Again, please advise when you are available to meet and confer regarding your document production and objections." On September 9, 2020, Mr. Saponara advised me by email that he would be available for a meet and confer on "Friday," (September 11, 2020). However, Mr. Saponara was unavailable and the meet and confer was held on September 14, 2020.

Exhibit C, hereto, details the deficiencies of Defendants' responses to the Document Request and will not be repeated in this letter. It also appears that Defendants' failure to even provide the additional documents it promised may be related to a degenerating relationship between Defendants and their counsel. As is demonstrated in Exhibit C, the documents sought represent basic corporate communications, financial documents and documents concerning witnesses. These documents are required due to Defendants having denied the extensive legal work rendered by Plaintiff.

Accordingly, Plaintiff respectfully requests that an informal discovery conference be scheduled at the Court's convenience.

Respectfully submitted.

Edward C. Kramer

cc: Paul H. Aloe, Esq. (by ECF)
    David Saponara, Esq. (by ECF)